O

JS - 6

cc order, docket and remand letter to
Los Angeles Superior Court, San Pedro Branch
NC 053529

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA MICHELLE RAMIREZ, ) | Case No. CV 09-07788 DDP (SSx) |
| Plaintiff, ) | **ORDER REMANDING ACTION TO STATE COURT** |
| v. ) | |
| BANK OF AMERICA CORPORATION, as successor to COUNTRYWIDE BANK, N.A.; GMAC MORTGAGE CORPORATION; MERSCORP, INC., as parent company to MERS, INC.; CTC REAL ESTATE SERVICES; MARIN CONVEYANCING CORPORATION, ) | |
| Defendants. ) | |

Plaintiff filed her initial Complaint against Bank of America N.A., GMAC Mortgage, LLC ("GMAC"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and CTC Real Estate Services ("CTC") (collectively "Defendants") in Los Angeles Superior Court on September 21, 2009, asserting various state and federal causes of action relating to a residential mortgage transaction.[1]  Defendants

---

[1] Bank of America was erroneously sued as "Bank of America Corporation". GMAC was erroneously sued GMAC Mortgage Corporation. MERS was erroneously sued as MERSCORP, Inc.

1  removed on October 26, 2009, on the basis of federal question
2  jurisdiction, 28 U.S.C. § 1331.
3      On November 2, 2009, GMAC and MERS filed a motion to dismiss,
4  and the parties stipulated to a December 2, 2009 deadline for Bank
5  of America and CTC to respond to the Complaint.  (Dkt. Nos. 8 & 9.)
6  Instead of opposing the motion, Plaintiff attempted to file a First
7  Amended Complaint ("FAC") as of right on November 23, 2009.  (Dkt.
8  No. 11.)  However, the document was stricken due to procedural
9  errors in filing.  (Dkt. No. 14.)  Plaintiff properly re-filed the
10 FAC on December 11, 2009.  (Dkt. No. 21.)
11     In the FAC, Plaintiff has voluntarily dismissed all causes of
12 action arising under federal law.  The FAC asserts only violations
13 of state law against all Defendants.  After dismissal of all
14 federal claims, a court may decline to exercise supplemental
15 jurisdiction over the remaining state law claims and remand the
16 case sua sponte if there exists no independent basis for subject
17 matter jurisdiction.  28 U.S.C. §§ 1367(c), 1447(c); Osborn v.
18 Haley, 549 U.S. 225, 245 (2007) (citing Carnegie-Mellon Univ. v.
19 Cohill, 484 U.S. 343, 350-51 (1988)).  Because the federal claims
20 have been dismissed so early in this litigation, the Court declines
21 to exercise supplemental jurisdiction over the remaining state law
22 claims.
23     Accordingly, this case is REMANDED to state court.
24 IT IS SO ORDERED.
25
26
27 Dated: December 22, 2009
28                                          DEAN D. PREGERSON
                                            United States District Judge

2